In the Matter of PLAZAGAL INTERNATIONAL CORPORATION, Debtor.

Anne SPREHE, Plaintiff,

v.

PLAZAGAL INTERNATIONAL CORPORATION, Defendant.

Bankruptcy No. 81 B 11525 (EJR). Adv. No. 82–5739–A.

United States Bankruptcy Court, S.D. New York.

Sept. 12, 1983.

---

Albert Togut, New York City, for debtor.

Field, Lomenzo & Turret, New York City, for plaintiff.

### DECISION ON DEBTOR'S MOTION FOR AN ORDER DIRECTING TURNOVER OF FUNDS

EDWARD J. RYAN, Bankruptcy Judge.

On July 31, 1981, Plazagal International Corporation (Plazagal) filed a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. Prior to the filing of the petition, Plazagal was known to be engaged in the business, *inter alia,* of receiving goods on consignment for sale at public auctions.[1]

On February 9, 1981, Anne Sprehe (Sprehe) consigned two rings to Plazagal which it sold for $665, but Plazagal did not remit the proceeds to Sprehe.[2] Robert Friedlander, the receiver appointed by order of the Supreme Court of New York State in Erie County on February 18, 1981, deposited the proceeds into the receiver's account along with all other assets of Plazagal to meet his administrative expenses.

Sprehe commenced an adversary proceeding on June 4, 1982, against Plazagal for inter alia, recovery of the proceeds from the sale of the two consigned rings.

In an affidavit dated April 27, 1983, plaintiff submitted to this court "a motion for judgment against the defendant" for recovery of the $665 in proceeds from the sale of the two consigned rings.

Defendant has submitted a memorandum of law in opposition to plaintiff's motion, and has asked for summary judgment in its favor.[3]

A hearing was held before this court on May 16, 1983 in regard to this matter.

While this court is sympathetic to the plight of the consignor in this matter, the "motion for judgment" must be denied, and defendant's cross-motion for summary judgment must be granted.

In a true consignment situation, as in the instant case,[4] recovery by the consignor rests upon identification. 4 *Collier on Bankruptcy* § 541.08 at 541–41 (15th ed. 1983). The case law is clear that the owner must trace the property involved, or the proceeds thereof, even when it has been commingled with other funds as contained in the assets of the estate. *See Selby v. Ford Motor Co.,* 590 F.2d 642 (6th Cir.1979); *In re Snider Bros., Inc.,* 12 B.R. 87 (Bkrtcy. D.Mass.1981); *In re Tate-Jones & Co.,* 85 F.Supp. 971 (W.D.Pa.1949). It is well settled that if funds are commingled with the general funds of a debtor and hence, uni-

1. The relationship between Sprehe and Plazagal was one of principal and agent. Plazagal, the agent, was holding the rings for the consignor, Sprehe. It appears that this transaction is a true consignment and section 2–326 of the Uniform Commercial Code (U.C.C.) applies. BENDER'S U.C.C. SERVICE, DUESENBERG & KING, *Sales and Bulk Transfers* § 11.02 (1982).

Public filing is not necessary since from the facts of this case it appears the provisions of Section 2–326(3)(b) are met:

(3) Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title

to the person making delivery until payment or resale or uses such words as "on consignment...." However, this subsection is not applicable if the person making delivery

(b) establishes that the person generally known by his creditors to be substantially engaged in selling the goods of others....

2. The two rings in question were designated as:
Lot # 127A Turquoise pearl and diamond ring.
Lot # 138A Pearl and diamond ring.

3. Albeit both parties have failed to conform with the Local Rules of Procedure for the Southern District of New York, specifically Rule 3(g), this court has determined from reading the papers submitted by each party that this matter is ripe for summary judgment.

4. *See supra* note 1.

dentifiable, tracing by the alleged benefi-ciary can no longer be accomplished. *In re Renfro-Wadenstein,* 47 F.2d 238 (W.D. Wash.1931), *modified on other grounds,* 53 F.2d 834 (9th Cir.1931); *In re Snider Bros., Inc.,* 12 B.R. at 90; 4 *Collier on Bankruptcy* ¶ 541.08 at 541–44 (15th ed. 1983).

Given the Plaintiff's failure to trace the proceeds resulting from the sale of the two consigned rings, and to establish the presence of a separate account where these funds were deposited, this court must find that the proceeds were commingled in the receiver's general account. Thus, the plaintiff cannot lay claim to these proceeds to the detriment of other creditors and must assume the status of a general unsecured creditor. *See* 4 *Collier on Bankruptcy* ¶ 541.08 at 541–44 (15th ed. 1983).

Accordingly, the plaintiff's motion for judgment is denied and summary judgment for the defendant is granted.

Settle an appropriate order.